## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

STEPHEN MATLOCK-BEY,                        *
Reg. #07225-025                             *
                                            *
              Plaintiff,                    *
                                            *
vs.                                         *          No. 2:09 -cv-00087-SWW-JJV
                                            *
RINGWOOD, Director, FC Food Services -      *
Forrest City; *et al.,*                     *
                                            *
              Defendants.                   *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the hearing before the District Judge  (if such
         a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>       Clerk, United States District Court
>       Eastern District of Arkansas
>       600 West Capitol Avenue, Suite A149
>       Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate of the Bureau of Prisons and previously housed at the Federal Correction Complex at Forrest City, filed this action *pro se* pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff also raises claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc*, et seq*., as well as the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). Now pending before the Court is a Motion for Summary Judgment (Doc. No. 27). The Court granted Plaintiff 30 days in which to file a response to the pending motion (Doc. No. 34). When mail sent to Plaintiff by the Court was returned as undeliverable (Doc. Nos. 36-37, 41), the Court referred to the website inmate locator maintained by the Bureau of Prisons and directed the Clerk of the Court to mail the relevant documents to Plaintiff at the United States Penitentiary at Marion, Illinois. The Clerk mailed those documents on February 24, 2010. The Court gave Plaintiff an additional 30 days from the date of this mailing in which to respond to the pending summary judgment motion. The documents have not been returned as undelivered and Plaintiff has not filed a response to the pending motion or to the Defendants' Statement of Facts

pursuant to Local Rule 56.1[1].

Pursuant to Local Rule 56.1(c) of the Rules of the United States District Court for the Eastern District of Arkansas, all material facts set forth in Defendants' statements of undisputed facts shall be deemed admitted unless controverted by a statement filed by Plaintiff.  Plaintiff has filed no such statement despite a clear opportunity to do so.  Therefore, although a litigant's verified complaint is generally considered an affidavit for purposes of summary judgment, *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir.1994), the Court adopts Defendants' recitations of the facts.  *See Jackson v. Arkansas Dep't of Educ., Vocational & Technical Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) ("pursuant to Local Rule 56.1(c), [plaintiff] forfeited her ability to contest the facts presented in the Department's original summary judgment motion by her failure to respond to the Department's motion").

## I.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e);

---

[1] Plaintiff was previously notified of his responsibilities under Local Rule 5.5(c)(2), which requires him to notify the court of any change of address.  Plaintiff has not complied with these requirements, and his case is subject to dismissal without prejudice for failure to comply with Local Rule 5.5(c)(2).   *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)).   However, this recommendation will address the merits of the Defendants' motion because they are entitled to dismissal with prejudice.

*Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted.  *See Celotex*, 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  FACTUAL ALLEGATIONS

Plaintiff, a Muslim who observes the religious dietary restrictions on pork consumption, has alleged that during the holy month of Ramadan 2008 , Defendants wrongly served him a product containing pork additive.  As a result, Plaintiff has suffered both physical and emotional injury.

According to the Defendants' Statement of Material Facts (Doc. No. 29), T. C. Outlaw was the Warden at FCC Forrest City, Arkansas, and Plaintiff was an inmate at FCC Forrest City, Arkansas, during the relevant time period.  The remaining named Defendants were Food Service employees at  FCC Forrest City, Arkansas.  Sausages containing pork were served to the inmates on October 10, 20, and November 13, 2008.  Signs were posted notifying inmates that pork was contained in the sausages on those dates.   Ramadan was from September 1, 2008 to September 30, 2008.

Defendants argue that Plaintiff has not met his burden to establish a "substantial burden" on his ability to practice his religion, that any physical injury he may have sustained was *de minimis* at best, and that there has been no personal participation on the part of the Defendants that would give rise to liability under *Bivens*.  Defendants further argue that, at best, the claimed acts amount to negligence, which is not cognizable under *Bivens*, and that Plaintiff is not entitled to pursue

claims under the Federal Tort Claims Act because he has failed to name the United States as the proper party to such a claim.

## III.    ANALYSIS

### A.    Free Exercise and RLUIPA Claims

Under the Free Exercise Clause and RLUIPA, Plaintiff must first raise a material question of fact regarding whether the Defendants have placed a "substantial burden" on his ability to practice his religion. *See Weir v. Nix*, 114 F.3d 817, 820 (1997) (Free Exercise Clause); 42 U.S.C. § 2000cc-1(a) (RLUIPA).  Once it is determined that a regulation imposes a substantial burden on a prisoner, the review of that burden under the Free Exercise Clause differs from RLUIPA, *see, e.g., Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005), but it is not necessary to reach that issue because Plaintiff has not put forth sufficient evidence that a reasonable jury could conclude that his ability to practice his religion has been substantially burdened.

> Substantially burdening one's free exercise of religion means that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Murphy v. Missouri Dep't of Corrections*, 372 F.3d 979, 988 (8th Cir. 2004) (quotation and alterations omitted). When the significance of a religious belief is not at issue[2], the same definition

---

[2] The United States Court of Appeals for the Eighth Circuit in *Patel v. U.S. Bureau of Prisons*, 515 F. 3d 807, 814, fn.7 (8th Cir. 2008), noted "that portions of this definition requiring religious beliefs to be a 'central tenet' or 'fundamental' may not apply to a RLUIPA claim," but in the instant case, like in *Patel,* it is not necessary to reach the issue because the parties do not contest the sincerity of Plaintiff's religious beliefs or the significance of his dietary requests to his faith. *See* 42 U.S.C. § 2000cc-5(7)(A) (defining religious exercise as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief").

of "substantial burden" applies under the Free Exercise Clause and RLUIPA.  *See Id.* [3]

Accordingly, Plaintiff must demonstrate that the Defendants' policies and actions constitute a substantial burden on his ability to practice his religion. In order to demonstrate a substantial burden, Plaintiff must show that the policies or actions "significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion." *Murphy, supra* at 988.  *See also Patel v. United States Bureau of Prisons*, 515 F. 3d 807, 813 (8th Cir. 2008), quoting *Murphy, supra* at 988.

If Plaintiff makes a prima facie showing that his rights have been violated under RLUIPA, the Government bears the burden of persuasion as to any element of the claim except the existence of a substantial burden.  *See* Title 42 U.S.C.2000cc-2(b).

In accordance with Local Rule 56.1 and given the Defendants' Statement of Facts, the Court finds that while meat products containing pork were served on October 10, 20, and November 13,

---

[3]Specifically, RLUIPA provides as follows:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
    (1) is in furtherance of a compelling governmental interest; and
    (2) is the least restrictive means of furthering that compelling governmental interest.

Title 42 U.S.C. § 2000cc-1(a).

RLUIPA contains similar language to that contained in its unconstitutional predecessor statute, the Religious Freedom Restoration Act of 1993 (RFRA). *Murphy*, 372 F.3d 979, 987 (*citing City of Boerne v. Flores*, 521 U.S. 507 (1997)). "In RLUIPA, Congress resurrected RFRA's language, but narrowed the scope of the Act, limiting it to laws and regulations concerning institutionalized persons or land use." *Id.* (citing 42 U.S.C. §§ 2000cc & 2000cc-1).

2008, prison officials notified inmates that the food items contained pork by placing signs in the dining hall.  None of the food items were served during the month of Ramadan.  Therefore, the Defendants' actions do not amount to a substantial burden on Plaintiff's religious practices and Plaintiff's RLUIPA and First Amendment free expression claims must fail.

### B.      Federal Tort Claims Act Claims

Defendants are correct that the United States is the only proper defendant for actions under the Federal Tort Claims Act.  28 U.S.C. § 1346(b)(1).  Because Plaintiff has not named the United States as a defendant, Plaintiff's negligence claim under the Federal Tort Claims Act should be dismissed.

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 27) be GRANTED and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 10th day of May, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE